

# STATE OF MICHIGAN

## SUPREME COURT

144191(8)

FRANK J. LAWRENCE, JR.,
    Plaintiff,

v

BOARD OF LAW EXAMINERS,
    Defendant.
_____

### STATEMENT REGARDING DECISION ON MOTION FOR DISQUALIFICATION

### JANUARY 23, 2012

MARKMAN, J. Plaintiff has moved for my disqualification on the basis of remarks that I made in introducing opposing counsel, John Fedynsky, as the keynote speaker at a 2010 meeting of the Michigan Supreme Court Historical Society in which I allegedly described Mr. Fedynsky as "the finest and most enterprising young man that I know," and because I authored a foreword to a book written by Mr. Fedynsky on Michigan's county courthouses. Although my prepared remarks, from which I do not recall departing, indicate that I introduced Mr. Fedynsky as "*one of* the finest and most enterprising young *men* that I know," I will stipulate that I have very high regard for Mr. Fedynsky.

MCR 2.003 provides that disqualification is warranted where the judge is "biased or prejudiced for or against" an attorney. MCR 2.003(C)(1)(a). This requires a showing of *actual* bias or prejudice, which has been defined by this Court as "'an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes.'" *Cain v Dep't of Corrections*, 451 Mich 470, 495 n 29 (1996), quoting *United States v Conforte*, 624 F2d 869, 881 (CA 9, 1980).

No grounds for my disqualification are present in this regard because I am not actually biased for Mr. Fedynsky. As I suspect is true of most judges, there are many attorneys who appear before this Court whom I know and respect, and many attorneys whom I do not know at all. But this is of little consequence in the judicial process for it

is not the lawyer I am judging, but the law.  That a judge has some personal perspective concerning a lawyer does not signify that he or she cannot set aside this perspective and impartially assess the merits of the case being argued.  I do not have an "attitude or state of mind" regarding Mr. Fedynsky "of a kind or degree that a fair-minded person could not entirely set aside."

Nor is the "appearance of impropriety" implicated in this case.  MCR 2.003(C)(1)(b)(ii).  I do not believe that a reasonable person would perceive my laudatory introductory remarks of Mr. Fedynsky as impairing my ability to carry out my judicial responsibilities with impartiality.  Nor do I believe that a reasonable person would perceive my writing a foreword to Mr. Fedynsky's book-- a book in which I have no financial stake-- as impairing my ability to carry out these responsibilities with impartiality.  Accordingly, plaintiff's motion for my disqualification is denied.